Airgas Nor Pac Inc.
615 W. Main Street
Chehalis, WA 98532


Alaska USA Federal Credit Union
P.O. Bix 196613
Anchorage, AL 99519-6613


Alaska USA Federal Credit Union
P.O. Box 196613
Anchorage, AL 99519-6613


Alchemy Enterprises, Inc
P.O. Box 146
Mossyrock, WA 98564


American Express
P.O. Box 650448
Dallas, TX 75265-0448


Avon Products Inc.
C/O LTD Financial Services
7233 Southwest Freeway, Suite 1600
Houston, TX 77074


Bank of America
P.O. Box 15026
Wilmington, DE 19850-5026


Carol Wright Gifts
P.O. Box 2852
Monroe, WI 53566-8052


Chase Bank
P.O. Box 15298
Wilmington, DE 19850-5298

Chehalis Children's Clinic
370 S. Market Blvd
Chehalis, WA 98532


Chevron/Texaco
C/O John C. Williams & Ass.
P.O. Box 29279
Atlanta,. GA 30359-0279


CIT Bank/Fingerhut
6250 Ridgewood, Rd
St. Cloud, MN 56303


Client Services Inc
3451 Harry Truman Blvd
St. Charles, MO 63301-4047


Home Depot Credit Services
P.O. Box 6028
The Lakes, NV 88901-6028


Crystal and Sierra Springs
P.O. Box 660579
Dallas, TX 75266-0579


Debra Folden
1049-28 Peters Rd
Randle, WA 98377-9619


Dell Financial Services
One Dell Way
Round Rock, TX 78682


Dynamic Collectors
790 S. Market Blvd
Chehalis, WA 98532

Express MPS
5660 New Northside Dr
Atlanta, GA 30328


GC Services LP
P.O. Box 39050
Phoenix, AZ 85069


Household Bank Mastercard
P.O. Box 80084
Salinas, CA 93912-0084


Household Bank,
P.O. Box 80084
Salinas, CA 93912-0084


Lewis County Hospital Dist. No 1
P.O. Box 508
Mossyrock, WA 98564-0508


Merrick Bank
P.O. Box 9201
Old Bethpage, NY 11804


Morton General Hospital
C/O Fairway Collections
1126 S. Gold St, #101
Centralia, WA 98531


Morton General Hospital
P.O. Drawer C
Morton, WA 98356


Morton General Hospital
P.O. Box 508
Mossyrock, WA 98564

```
Orchard Bank
HSBC Card Services
P.O. Box 60102
City of Industry, CA 91716-0102


Orchard Bank
HSBC Card Services
P.O. Box 60102
City  of Industry, CA 91716-0102


Penn Foster School
C/O USCB Corporation
P.O Box 75
Archbald, PA 18403


Northern Leasing Systems
P.O. Box 1027
Sioux Falls, SD 57101-1027


Seventh Avenue
1112 7th Avenue
Monroe, WA 53566-1364


South Sound Oral Surgury
1220W. First St
Centraliia, WA 98531


US Bank
P.O. Box 20005
Owensboro, KY 42304-0005


WEB Bank
12234 N. 35 SB B
Austin, TX 78753
```

In re:  **Charles J. Kuhn III   Carrie A. Kuhn**

　　　　　　　　　　**Debtors**

Case No. _____

Chapter  **7** _____

# VERIFICATION OF CREDITOR MATRIX

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors,  consisting of **4** sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rules and I/we assume all responsibility for errors and omissions.

Dated:  **4/2/2010** _____

Signed: **/s/ Charles J. Kuhn III** _____
　　　　　**Charles J. Kuhn III**

Dated:  **4/2/2010** _____

Signed: **/s/ Carrie A. Kuhn** _____
　　　　　**Carrie A. Kuhn**

Signed:  **s/Kenneth Johnson** _____
　　　　　**s/ Kenneth Johnson**
　　　　　Attorney for Debtor(s)
　　　　　Bar no.:　　　**6194**
　　　　　**Williams & Johnson, P.S.**
　　　　　**57 West Main Street, Suite 200**
　　　　　**PO BOX 1185**
　　　　　**Chehalis, WA 98532**
　　　　　Telephone No.:　　**360-748-0093**
　　　　　Fax No.:　　　**360-748-1346**
　　　　　E-mail address:　　**kjohnson@localaccess.com**

| United States Bankruptcy Court<br>Western District of Washington | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Kuhn III, Charles, J.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Kuhn, Carrie, A.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**Carrie Justus**<br>**Carrie Blackburn**<br>**Mountain Gateway Floral-Gifts** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): **4068** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): **6247** |
| Street Address of Debtor (No. & Street, City, and State):<br>**1049-28 Peters Rd**<br>**Randle, WA**<br><br>ZIP CODE **98377** | Street Address of Joint Debtor (No. & Street, City, and State):<br>**1049-28 Peters Rd**<br>**Randle, WA**<br><br>ZIP CODE **98377** |
| County of Residence or of the Principal Place of Business:<br>**Lewis** | County of Residence or of the Principal Place of Business:<br>**Lewis** |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check **one** box.) | Nature of Business<br>(Check **one** box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check **one** box) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☑ Chapter 7   ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12   ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.)

**Nature of Debts**
(Check one box)

☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."   ☐ Debts are primarily business debts.

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes**<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Charles J. Kuhn III, Carrie A. Kuhn** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: **NONE** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X  **s/Kenneth Johnson**                    **4/2/2010** _____ Signature of Attorney for Debtor(s)        Date **s/ Kenneth Johnson**                          **6194** |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate. general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District. or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following).

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Charles J. Kuhn III, Carrie A. Kuhn** |

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Charles J. Kuhn III**
_____
Signature of Debtor     **Charles J. Kuhn III**

X **/s/ Carrie A. Kuhn**
_____
Signature of Joint Debtor     **Carrie A. Kuhn**

_____
Telephone Number (If not represented by attorney)

**4/2/2010**
_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X **Not Applicable**
_____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

---

**Signature of Attorney**

X **s/Kenneth Johnson**
_____
Signature of Attorney for Debtor(s)

**s/ Kenneth Johnson  Bar No.  6194**
_____
Printed Name of Attorney for Debtor(s) / Bar No.

**Williams & Johnson, P.S.**
_____
Firm Name

**57 West Main Street, Suite 200 PO BOX 1185**
_____
Address

**Chehalis, WA 98532**
_____

**360-748-0093                    360-748-1346**
_____
Telephone Number

**4/2/2010**
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

**Not Applicable**
_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X **Not Applicable**
_____
Date

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
_____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

In re:   **Charles J. Kuhn III    Carrie A. Kuhn**             Case No. _____

                         **Debtors**                                                   **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Residence and 5.2 acres located at 1049-28 Peters Rd, Randle, WA** | **Fee Owner** | **J** | **$ 173,800.00** | **$ 192,029.80** |
| | Total ➢ | | **$ 173,800.00** | |

                                                     (Report also on Summary of Schedules.)

In re   **Charles J. Kuhn III   Carrie A. Kuhn**                          ,        Case No. _____
_____                                        **(If known)**
                        **Debtors**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Alaska Credit Union Savings Account** | J | 5.00 |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Security State Bank Checking Account joint with Trevor Blackburn** | J | 699.88 |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Security State Bank Joint Checking Account** | J | 164.54 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Miscellaneous household goods** | J | 5,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Clothing** | J | 500.00 |
| 7. Furs and jewelry. | | **Ring** | J | 300.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **Camcorder** | J | 200.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **CIGNA Group term life insurance** | J | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Vanguard Hampton Lumber Mills Retirement Plan** | J | 31,163.76 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |

In re  **Charles J. Kuhn III   Carrie A. Kuhn**_____,      Case No. _____
                        **Debtors**                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1979 Ford Pickup** | J | **50.00** |
| Automobiles, trucks, trailers, and other vehicles and accessories. | | **1986 Mazda** | J | **50.00** |
| Automobiles, trucks, trailers, and other vehicles and accessories. | | **1995 Dodge Neon** | J | **450.00** |
| Automobiles, trucks, trailers, and other vehicles and accessories. | | **1996 Honda motorcycle** | J | **50.00** |
| Automobiles, trucks, trailers, and other vehicles and accessories. | | **1997 Ford Pickup** | J | **2,000.00** |
| Automobiles, trucks, trailers, and other vehicles and accessories. | | **1999 Dodge Durango** | J | **100.00** |
| Automobiles, trucks, trailers, and other vehicles and accessories. | | **2002 Kia** | J | **12,000.00** |
| Automobiles, trucks, trailers, and other vehicles and accessories. | | **2002 Yamaha motorcycle** | J | **200.00** |
| Automobiles, trucks, trailers, and other vehicles and accessories. | | **2005 Nissan Pickup** | J | **12,000.00** |

In re  **Charles J. Kuhn III    Carrie A. Kuhn** _____ ,     Case No. _____

                                    **Debtors**                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested.  Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | X | | | |

____2____  continuation sheets attached                    Total  ➤  | **$ 64,933.18** |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

In re __Charles J. Kuhn III   Carrie A. Kuhn_____,    Case No. _____
                                    Debtors                                              (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☑ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
   $136,875

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| **1979 Ford Pickup** | **11 USC § 522(d)(5)** | **50.00** | **50.00** |
| **1986 Mazda** | **11 USC § 522(d)(5)** | **50.00** | **50.00** |
| **1995 Dodge Neon** | **11 USC § 522(d)(2)** | **450.00** | **450.00** |
| **1996 Honda motorcycle** | **11 USC § 522(d)(5)** | **50.00** | **50.00** |
| **1997 Ford Pickup** | **11 USC § 522(d)(5)** | **2,000.00** | **2,000.00** |
| **1999 Dodge Durango** | **11 USC § 522(d)(5)** | **100.00** | **100.00** |
| **2002 Kia** | **11 USC § 522(d)(2)** | **6,000.00** | **12,000.00** |
| **2002 Yamaha motorcycle** | **11 USC § 522(d)(5)** | **200.00** | **200.00** |
| **Alaska Credit Union Savings Account** | **11 USC § 522(d)(5)** | **5.00** | **5.00** |
| **Camcorder** | **11 USC § 522(d)(5)** | **200.00** | **200.00** |
| **CIGNA Group term life insurance** | **11 USC § 522(d)(8)** | **0.00** | **0.00** |
| **Clothing** | **11 USC § 522(d)(3)** | **500.00** | **500.00** |
| **Miscellaneous household goods** | **11 USC § 522(d)(3)** | **5,000.00** | **5,000.00** |
| **Residence and 5.2 acres located at 1049-28 Peters Rd, Randle, WA** | **11 USC § 522(d)(1)** | **0.00** | **173,800.00** |
| **Ring** | **11 USC § 522(d)(4)** | **300.00** | **300.00** |
| **Security State Bank Checking Account joint with Trevor Blackburn** | **11 USC § 522(d)(5)** | **699.88** | **699.88** |
| **Security State Bank Joint Checking Account** | **11 USC § 522(d)(5)** | **16,454.00** | **164.54** |
| **Vanguard Hampton Lumber Mills Retirement Plan** | **11 USC § 522(d)(12)** | **31,163.76** | **31,163.76** |

In re    Charles J. Kuhn III    Carrie A. Kuhn                    .        Case No.    _____
                    **Debtors**                                              **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

❑    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  xxx1521-03<br>Alaska USA Federal Credit Union<br>P.O. Box 196613<br>Anchorage, AL 99519-6613 | X | J | 02/28/2008<br>Security Agreement<br>2002 Kia<br><br>VALUE $12,000.00 | | | | 16,859.69 | 4,859.69 |
| ACCOUNT NO.  xxx1521-02<br>Alaska USA Federal Credit Union<br>P.O. Bix 196613<br>Anchorage, AL 99519-6613 | | J | 02/28/2007<br>Security Agreement<br>2005 Nissan Pickup<br><br>VALUE $12,000.00 | | | | 20,319.20 | 8,319.20 |
| ACCOUNT NO.  xxxx4539<br>US Bank<br>P.O. Box 20005<br>Owensboro, KY 42304-0005 | | J | 08/31/2007<br>Deed of Trust<br>Residence and 5.2 acres located at 1049-28 Peters Rd, Randle, WA<br><br>VALUE $173,800.00 | | | | 192,029.80 | 18,229.80 |

0    continuation sheets
     attached

|  | Subtotal ➢<br>(Total of this page) | $  229,208.69 | $   31,408.69 |
|---|---|---|---|
|  | Total ➢<br>(Use only on last page) | $  229,208.69 | $   31,408.69 |

(Report also on Summary of Schedules)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

In re **Charles J. Kuhn III    Carrie A. Kuhn**                          Case No. _____

————————————————————————————————                                    (If known)
                          Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

❑   **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

❑   **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

❑   **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

❑   **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

❑   **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

❑   **Deposits by individuals**

   Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

❑   **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

❑   **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

❑   **Claims for Death or Personal Injury  While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

   * Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u>1</u>  **continuation sheets attached**

In re  **Charles J. Kuhn III   Carrie A. Kuhn** _____,  Case No. _____

Debtors                                                    (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | | **$0.00** |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | | |
|---|---|---|---|
| Subtotals➤ (Totals of this page) | $ **0.00** | $ **0.00** | $ **0.00** |
| Total ➤ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ **0.00** | | |
| Total ➤ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. ) | | $ **0.00** | $ **0.00** |

B6F (Official Form 6F) (12/07)

In re  **Charles J. Kuhn III   Carrie A. Kuhn**  _____  Case No. _____
_____
Debtors                                                (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **xBAPY** <br><br>**Airgas Nor Pac Inc.** <br>**615 W. Main Street** <br>**Chehalis, WA 98532** | | W | **12/31/2009** <br><br>**Merchandise** | | | | 102.95 |
| ACCOUNT NO.   **xxx1521-03** <br><br>**Alaska USA Federal Credit Union** <br>**P.O. Box 196613** <br>**Anchorage, AL 99519-6613** | | J | **01/06/2010** <br><br>**Line of Credit** | | | | 4,427.42 |
| ACCOUNT NO.   **xxxxH000** <br><br>**Alchemy Enterprises, Inc** <br>**P.O. Box 146** <br>**Mossyrock, WA 98564** | | | **08/21/2009** <br><br>**Medical services** | | | | 151.54 |
| ACCOUNT NO.   **xxxx1002** <br><br>**American Express** <br>**P.O. Box 650448** <br>**Dallas, TX 75265-0448** <br><br><br>**GC Services LP** <br>**P.O. Box 39050** <br>**Phoenix, AZ 85069** | | J | **12/15/2009** <br><br>**Revolving credit card** | | | | 5,028.32 |

<u>6</u>   Continuation sheets attached

Subtotal  ➤  $           **9,710.23**

Total  ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re  **Charles J. Kuhn III   Carrie A. Kuhn** _____       Case No. _____
                                    **Debtors**                                              **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **xxxx4512**<br>**Avon Products Inc.**<br>**C/O LTD Financial Services**<br>**7233 Southwest Freeway, Suite 1600**<br>**Houston, TX 77074** | | J | **11/10/2009**<br>**Merchandise** | | | | **161.46** |
| ACCOUNT NO.  **xxxx5733**<br>**Bank of America**<br>**P.O. Box 15026**<br>**Wilmington, DE 19850-5026** | | J | **01/07/2010**<br>**Revolving credit card** | | | | **7,264.22** |
| ACCOUNT NO.  **xxxx39A4**<br>**Carol Wright Gifts**<br>**P.O. Box 2852**<br>**Monroe, WI 53566-8052** | | W | **01/13/2010**<br>**Merchandise** | | | | **577.50** |
| ACCOUNT NO.  **xxxx8593**<br>**Chase Bank**<br>**P.O. Box 15298**<br>**Wilmington, DE 19850-5298**<br><br>**Client Services Inc**<br>**3451 Harry Truman Blvd**<br>**St. Charles, MO 63301-4047** | | W | **10/06/2009**<br>**Revolving credit card** | | | | **815.93** |

Sheet no. _1_ of _6_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ➢ $ **8,819.11**

Total ➢ $

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable on the Statistical**
**Summary of Certain Liabilities and Related Data.)**

In re  **Charles J. Kuhn III   Carrie A. Kuhn**                    Case No. _____
_____
Debtors                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **xxxx9510**<br><br>**Chehalis Children's Clinic**<br>**370 S. Market Blvd**<br>**Chehalis, WA 98532** | | J | **02/05/2008**<br><br>**Medical services** | | | | 72.98 |
| ACCOUNT NO.  **xxxx2465**<br><br>**Chevron/Texaco**<br>**C/O John C. Williams & Ass.**<br>**P.O. Box 29279**<br>**Atlanta,. GA 30359-0279** | | J | **11/19/2009**<br><br>**Revolving credit card** | | | | 317.39 |
| ACCOUNT NO.  **xxxx5541**<br><br>**CIT Bank/Fingerhut**<br>**6250 Ridgewood, Rd**<br>**St. Cloud, MN 56303** | | W | **09/11/2009**<br><br>**Merchandise** | | | | 630.26 |
| ACCOUNT NO.  **xxxx4693**<br><br>**Crystal and Sierra Springs**<br>**P.O. Box 660579**<br>**Dallas, TX 75266-0579** | | W | **01/14/2009**<br><br>**Water supplies** | | | | 436.00 |

Sheet no.  2 of 6 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➤  $                            **1,456.63**

Total  ➤  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re __Charles J. Kuhn III   Carrie A. Kuhn__          Case No. _____

Debtors                                          (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **7945xxxx**<br><br>**Dell Financial Services<br>One Dell Way<br>Round Rock, TX 78682**<br><br>**WEB Bank<br>12234 N. 35 SB B<br>Austin, TX 78753** | | J | 11/30/2009<br>**Merchandise** | | | | 1,183.81 |
| ACCOUNT NO. **Y9-C0135**<br><br>**Dynamic Collectors<br>790 S. Market Blvd<br>Chehalis, WA 98532** | | J | 11/25/2009<br>**Assigned claims of Cascade Family Dental Clinic and Morton General Hospital-Judgment entered** | | | | 2,587.91 |
| ACCOUNT NO. **xxxx7995**<br><br>**Express MPS<br>5660 New Northside Dr<br>Atlanta, GA 30328** | | W | 12/31/2009<br>**VISA card processing fees** | | | | 500.00 |
| ACCOUNT NO. **xxxx5729**<br><br>**Home Depot Credit Services<br>P.O. Box 6028<br>The Lakes, NV 88901-6028**<br><br>**Client Services Inc<br>3451 Harry Truman Blvd<br>St. Charles, MO 63301-4047** | | J | 03/07/2009<br>**Revolving credit card** | | | | 3,921.61 |

Sheet no.  3 of 6 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➤ | $ | **8,193.33**
---|---|---

Total  ➤ | $ |
---|---|---

(Use only on last page of the completed Schedule F.)<br>(Report also on Summary of Schedules and, if applicable on the Statistical<br>Summary of Certain Liabilities and Related Data.)

In re  **Charles J. Kuhn III   Carrie A. Kuhn**                                        Case No. _____
                    **Debtors**                                                                                    **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **xxxx4183**<br><br>**Household Bank Mastercard**<br>**P.O. Box 80084**<br>**Salinas, CA 93912-0084** | | J | **12/07/2009**<br><br>**Revolving credit card** | | | | **553.18** |
| ACCOUNT NO.   **xxx1361**<br><br>**Household Bank,**<br>**P.O. Box 80084**<br>**Salinas, CA 93912-0084** | | J | **12/25/2009**<br><br>**Revolving credit card** | | | | **293.47** |
| ACCOUNT NO.   **5087**<br><br>**Lewis County Hospital Dist. No 1**<br>**P.O. Box 508**<br>**Mossyrock, WA 98564-0508** | | J | **03/18/2009**<br><br>**Medical services** | | | | **155.65** |
| ACCOUNT NO.   **xxxx6146**<br><br>**Merrick Bank**<br>**P.O. Box 9201**<br>**Old Bethpage, NY 11804** | | W | **12/15/2009**<br><br>**Revolving credit card** | | | | **1,583.83** |

Sheet no.  _4_ of _6_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➤  $                    **2,586.13**

Total  ➤  $

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable on the Statistical**
**Summary of Certain Liabilities and Related Data.)**

In re **Charles J. Kuhn III   Carrie A. Kuhn** _____    Case No. _____
                                                          Debtors                                           (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **xx9070** <br><br>**Morton General Hospital**<br>**P.O. Box 508**<br>**Mossyrock, WA 98564**<br><br>**Dynamic Collectors**<br>**790 S. Market Blvd**<br>**Chehalis, WA 98532** | | J | 05/21/2008 <br><br>**Medical services** | | | | 36.30 |
| ACCOUNT NO.   **xx6379** <br><br>**Morton General Hospital**<br>**C/O Fairway Collections**<br>**1126 S. Gold St, #101**<br>**Centralia, WA 98531**<br><br>**Dynamic Collectors**<br>**790 S. Market Blvd**<br>**Chehalis, WA 98532** | | W | 11/11/2009 <br><br>**Medical services** | | | | 58.64 |
| ACCOUNT NO.   **xx3960, 8574, 9896,1401** <br><br>**Morton General Hospital**<br>**P.O. Drawer C**<br>**Morton, WA 98356**<br><br>**Dynamic Collectors**<br>**790 S. Market Blvd**<br>**Chehalis, WA 98532** | | W | 09/17/2008 <br><br>**Medical services** | | | | 209.29 |
| ACCOUNT NO.   **xxx7627** <br><br>**Northern Leasing Systems**<br>**P.O. Box 1027**<br>**Sioux Falls, SD 57101-1027** | | W | 09/30/2008 <br><br>**Lease of sign** | | | | 11,628.50 |

Sheet no.  5 of 6 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ➤ $    **11,932.73**

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re <u>Charles J. Kuhn III   Carrie A. Kuhn</u>                    Case No. _____

                    **Debtors**                                                      **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **xxxx1929**<br><br>**Orchard Bank**<br>**HSBC Card Services**<br>**P.O. Box 60102**<br>**City of Industry, CA 91716-0102** | | W | 12/15/2009<br><br>**Revolving credit card** | | | | 439.07 |
| ACCOUNT NO.   **xxxx6620**<br><br>**Orchard Bank**<br>**HSBC Card Services**<br>**P.O. Box 60102**<br>**City  of Industry, CA 91716-0102** | | W | 01/05/2010<br><br>**Revolving credit card** | | | | 521.47 |
| ACCOUNT NO.   **xxxx1010**<br><br>**Penn Foster School**<br>**C/O USCB Corporation**<br>**P.O Box 75**<br>**Archbald, PA 18403** | | W | 10/08/2008<br><br>**Education services** | | | | 872.00 |
| ACCOUNT NO.   **xxxx9570**<br><br>**Seventh Avenue**<br>**1112 7th Avenue**<br>**Monroe, WA 53566-1364** | | W | 01/07/2010<br><br>**Revolving credit card** | | | | 622.07 |
| ACCOUNT NO.   **xx2320**<br><br>**South Sound Oral Surgury**<br>**1220W. First St**<br>**Centraliia, WA 98531** | | J | 02/13/2008<br><br>**Dental services** | | | | 1,022.00 |

Sheet no. <u>6</u> of <u>6</u> continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➤  $       3,476.61

Total  ➤  $      46,174.77

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable on the Statistical**
**Summary of Certain Liabilities and Related Data.)**

In re:  **Charles J. Kuhn III    Carrie A. Kuhn** _____ ,    Case No. _____
                                              **Debtors**                                      **(If known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

❑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **Northern Leasing Systems**<br>**P.O. Box 1027**<br>**Sioux Falls, SD 57101-1027** | **Lease of sign** |

# UNITED STATES BANKRUPTCY COURT

## Western District of Washington

In re   **Charles J. Kuhn III   Carrie A. Kuhn**                    Case No. _____

_____
Debtor(s)                                                                          *(if known)*

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the **180 days before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

_____

_____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❑   4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

❑   Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

❑   Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

❑   Active military duty in a military combat zone.

❑   5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Charles J. Kuhn III**
                       **Charles J. Kuhn III**

Date:   **4/2/2010**

In re: **Charles J. Kuhn III   Carrie A. Kuhn**                              Case No. _____
                                            **Debtors**                                                                    **(If known)**

# SCHEDULE H - CODEBTORS

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Debra Folden**<br>**1049-28 Peters Rd**<br>**Randle, WA 98377-9619** | **Alaska USA Federal Credit Union**<br>**P.O. Box 196613**<br>**Anchorage, AL 99519-6613** |

# UNITED STATES BANKRUPTCY COURT

## Western District of Washington

In re    **Charles J. Kuhn III   Carrie A. Kuhn**        Case No. _____
                    Debtor(s)                                           *(if known)*

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

❏ 2. Within the **180 days before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

❏ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

_____

_____

_____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

    ❑   4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

        ❑   Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

        ❑   Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

        ❑   Active military duty in a military combat zone.

    ❑   5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   ***/s/ Carrie A. Kuhn***
                          **Carrie A. Kuhn**

Date:   **4/2/2010**

In re  **Charles J. Kuhn III Carrie A. Kuhn**

Case No. _____

Debtors

(If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: **Married** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |
| | **Daughter** | **16** |
| | **Son** | **17** |
| | **Mother** | **56** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Electrician** | **None** |
| Name of Employer | **Hampton Lumber Mills Inc** | |
| How long employed | **7 years** | |
| Address of Employer | **9600 SW Barnes** **Portland, OR 97225** | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ | **4,535.40** | $ **0.00** |
| 2. Estimate monthly overtime | $ | **1,640.00** | $ **0.00** |
| 3. SUBTOTAL | $ | **6,175.40** | $ **0.00** |
| 4. LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and social security | $ | **1,299.59** | $ **0.00** |
| b. Insurance | $ | **157.50** | $ **0.00** |
| c. Union dues | $ | **0.00** | $ **0.00** |
| d. Other (Specify) **401(k)** | $ | **368.44** | $ **0.00** |
| **401(k) loan** | $ | **447.33** | $ **0.00** |
| **Charity Donations** | $ | **6.66** | $ **0.00** |
| **Life Insurance** | $ | **36.00** | $ **12.08** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **2,315.52** | $ **12.08** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **3,859.88** | $ **-12.08** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ **0.00** |
| 8. Income from real property | $ | **0.00** | $ **0.00** |
| 9. Interest and dividends | $ | **0.00** | $ **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | **0.00** | $ **794.66** |
| 11. Social security or other government assistance (Specify) **Mother's DSHS income** | $ | **0.00** | $ **300.00** |
| 12. Pension or retirement income | $ | **0.00** | $ **0.00** |
| 13. Other monthly income (Specify) _____ | $ | **0.00** | $ **0.00** |

In re    **Charles J. Kuhn III Carrie A. Kuhn**        **Case No.** _____

                                  **Debtors**                                             **(If known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| | | |
|---|---|---|
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ _____0.00_ | $ _____1,094.66_ |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ ____3,859.88_ | $ _____1,082.58_ |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | **$ 4,942.46** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:
**Overtime income is expected to be reduced substantially.**

In re  **Charles J. Kuhn III Carrie A. Kuhn**                              ,        Case No. _____

_____ **Debtors** _____                                                    **(If known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,700.00 |
|    a. Are real estate taxes included?   Yes ✓   No _____ | | |
|    b. Is property insurance included?   Yes ✓   No _____ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 150.00 |
|       b. Water and sewer | $ | 0.00 |
|       c. Telephone | $ | 50.00 |
|       d. Other **Cell Phone** | $ | 140.00 |
|       **Garbage** | $ | 20.00 |
|       **Television/Internet** | $ | 100.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 650.00 |
| 5. Clothing | $ | 125.00 |
| 6. Laundry and dry cleaning | $ | 10.00 |
| 7. Medical and dental expenses | $ | 250.00 |
| 8. Transportation (not including car payments) | $ | 400.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 50.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|       a. Homeowner's or renter's | $ | 0.00 |
|       b. Life | $ | 0.00 |
|       c. Health | $ | 0.00 |
|       d. Auto | $ | 300.00 |
|       e. Other _____ | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|       a. Auto | $ | 570.00 |
|       b. Other **Kia** | $ | 310.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other **Animal expense** | $ | 25.00 |
|       **Miscellaneous** | $ | 100.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 4,950.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
|    a. Average monthly income from Line 15 of Schedule I | $ | 4,942.46 |
|    b. Average monthly expenses from Line 18 above | $ | 4,950.00 |
|    c. Monthly net income (a. minus b.) | $ | -7.54 |

**United States Bankruptcy Court**

**Western District of Washington**

In re **Charles J. Kuhn III    Carrie A. Kuhn**                    ,          Case No. _____
                                        Debtors

                                                      Chapter   _7_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $          173.800.00 | | |
| B - Personal Property | YES | 3 | $            64.933.18 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $          229.208.69 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $                   0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 7 | | $            46.174.77 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 2 | | | $          4.942.46 |
| J - Current Expenditures of Individual Debtor(s) | YES | 2 | | | $          4.950.00 |
| **TOTAL** | | 21 | $      238,733.18 | $      275,383.46 | |

# United States Bankruptcy Court
# Western District of Washington

In re  **Charles J. Kuhn III    Carrie A. Kuhn** _____,      Case No. _____

Debtors                              Chapter    **7**    _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐    Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $    **0.00** |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $    **0.00** |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $    **0.00** |
| Student Loan Obligations (from Schedule F) | $    **0.00** |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E. | $    **0.00** |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $    **0.00** |
| TOTAL | $    **0.00** |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $    **4,942.46** |
| Average Expenses (from Schedule J, Line 18) | $    **4,950.00** |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $    **7,269.03** |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $    **31,408.69** |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $    **0.00** | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $    **0.00** |
| 4. Total from Schedule F | | $    **46,174.77** |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $    **77,583.46** |

In re  <u>Charles J. Kuhn III    Carrie A. Kuhn</u>                    Case No. _____

_____**Debtors**_____                                    **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**23**_____
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date:  <u>**4/2/2010**</u>_____        Signature:  **/s/ Charles J. Kuhn III**_____

_____**Charles J. Kuhn III**

_____Debtor

Date:  <u>**4/2/2010**</u>_____        Signature:  **/s/ Carrie A. Kuhn**_____

_____**Carrie A. Kuhn**

_____(Joint Debtor, if any)

_____[If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP
### (NOT APPLICABLE)

---

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.*

# UNITED STATES BANKRUPTCY COURT
## Western District of Washington

Attorney Name, Address, Telephone No. & Bar ID No.

**s/ Kenneth Johnson**                    **6194**

**57 West Main Street, Suite 200**
**PO BOX 1185**
**Chehalis, WA 98532**
**360-748-0093**

In re:                                                          **BANKRUPTCY NO.**

**Charles J. Kuhn III**

**Carrie A. Kuhn**

                    (Debtor)

## DECLARATION RE: ELECTRONIC FILING OF
## PETITION, SCHEDULES & STATEMENTS

### PART 1- DECLARATION OF PETITIONER

[We] **Charles J. Kuhn III** _____ and **Carrie A. Kuhn** _____ ,

the undersigned debtor(s), **hereby declare under penalty of perjury** that the information provided in the electronically filed petition,
statements, and schedules is true and correct. I consent to my attorney sending my petition, this declaration, statements and
schedules to the United States Bankruptcy Court. I understand that this DECLARATION RE: ELECTRONIC FILING is to be filed with
the Clerk of the Court no later than **5 business days** following the date the petition was electronically filed. I understand that failure
to file the signed original of this DECLARATION will cause my case to be dismissed pursuant to 11.U.S.C. § 707(a)(3) without further
notice.

- [x] If petitioner is an individual whose debts are primarily consumer debts and who has chosen to file under chapter 7:
  I am aware that I may proceed under chapter 7, 11, 12 or 13 of Title 11, United States Code, understand the relief
  available under each chapter, and choose to proceed under chapter 7. I request relief in accordance with the chapter specified
  in this petition.

- [ ] If petitioner is a corporation or partnership: I declare under penalty of perjury that the information provided in this petition is true
  and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief in accordance
  with the chapter specified in this petition.

- [ ] If petitioner files an application to pay filing fee in installments: I certify that I completed an application to pay the filing
  fee in installments. I am aware that the bankruptcy case will be dismissed and I may not receive a discharge of my debts if the
  fee is not paid within 120 days of the date of filing the petition.

Dated:     **4/2/2010**

                    Signed:    **/s/ Charles J. Kuhn III** _____    **/s/ Carrie A. Kuhn** _____
                                        (Applicant)                              (Joint Applicant)

### PART II - DECLARATION OF ATTORNEY

         I **declare under penalty of perjury** that the debtor(s) signed this form before I electronically transmitted the petition, schedules,
and statements to the United States Bankruptcy Court, and have followed all other requirements in General Order No. 3. If an individual,
I further declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11,12 or 13 of Title 11, United States Code,
and have explained the relief available under each chapter. This declaration is based on the information of which I have knowledge.

Dated:     **4/2/2010**

                                        **s/Kenneth Johnson** _____
[Local Rules W.D. Wash. Bankr. form 6]                    Attorney for Debtor(s)

### UNITED STATES BANKRUPTCY COURT
### Western District of Washington

In re _____**Charles J. Kuhn III   Carrie A. Kuhn**_____,     Case No. _____

Debtors                                                          Chapter 7

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

---

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**Alaska USA Federal Credit Union** | **Describe Property Securing Debt:**<br>**2002 Kia** |

Property will be *(check one)*:
- ☐ Surrendered        ☑ Retained

If retaining the property, I intend to *(check at least one)*:
- ☐ Redeem the property
- ☑ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
- ☑ Claimed as exempt                    ☐ Not claimed as exempt

---

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br>**Alaska USA Federal Credit Union** | **Describe Property Securing Debt:**<br>**2005 Nissan Pickup** |

Property will be *(check one)*:
- ☐ Surrendered        ☑ Retained

If retaining the property, I intend to *(check at least one)*:
- ☐ Redeem the property
- ☑ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
- ☐ Claimed as exempt                    ☑ Not claimed as exempt

---

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br><br>**US Bank** | **Describe Property Securing Debt:**<br><br>**Residence and 5.2 acres located at 1049-28 Peters Rd, Randle, WA** |

Property will be *(check one)*:
- ☐ Surrendered    ☑ Retained

If retaining the property, I intend to *(check at least one)*:
- ☐ Redeem the property
- ☑ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
- ☑ Claimed as exempt          ☐ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br><br>**Northern Leasing Systems** | **Describe Leased Property:**<br><br>**Lease of sign** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES    ☑ NO |

___0___  continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: **4/2/2010** _____

/s/ **Charles J. Kuhn III** _____
**Charles J. Kuhn III**
Signature of Debtor

/s/ **Carrie A. Kuhn** _____
**Carrie A. Kuhn**
Signature of Joint Debtor (if any)

# UNITED STATES BANKRUPTCY COURT
## Western District of Washington

Exhibit "C"

*[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]*

In re:  **Charles J. Kuhn III**

      **Carrie A. Kuhn**

              Debtor(s)

Case No.:

Chapter:  **7**

### Exhibit "C" to Voluntary Petition

     1. Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

**N/A**

     2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

**N/A**

# UNITED STATES BANKRUPTCY COURT
## Western District of Washington

In re  **Charles J. Kuhn III   Carrie A. Kuhn**_____,      Case No. _____

                                        Debtors             Chapter  **7**_____

## DEBTOR'S CERTIFICATION OF COMPLETION OF POSTPETITION INSTRUCTIONAL COURSE CONCERNING PERSONAL FINANCIAL MANAGEMENT

*Every individual debtor in a chapter 7, chapter 11 in which § 1141(d)(3) applies, or chapter 13 case must file this certification. If a joint petition is filed, each spouse must complete and file a separate certification. Complete one of the following statements and file by the deadline stated below:*

❑  I, _____ , the debtor in the above-styled
                    (Printed Name of Debtor)
case, hereby certify that on _____ (Date), I completed an instructional course in personal
financial management provided by _____
                                                (Name of Provider)
an approved personal financial management provider.

  Certificate No. (if any): _____

❑  I, _____ , the debtor in the above-styled case,
                    (Printed Name of Debtor)
hereby certify that no personal financial management course is required, because of *[Check the appropriate box.]:*

  ❑  Incapacity or disability, as defined in 11 U.S.C. § 109(h)
  ❑  Active military duty in a military combat zone; or
  ❑  Residence in a district in which the United States trustee (or bankruptcy administrator) has
     determined that the approved instructional courses are not adequate at this time to serve the
     additional individuals who would otherwise be required to complete such courses.

Signature of Debtor: **/s/ Charles J. Kuhn III**_____
                            **Charles J. Kuhn III**

Date: **4/2/2010**_____

*Instructions:* Use this form only to certify whether you completed a course in personal financial management.
(Fed. R. Bankr. P. 1007(b)(7).) Do NOT use this form to file the certificate given to you by your prepetition credit
counseling provider and do NOT include with the petition when filing your case.

*Filing Deadlines:* In a chapter 7 case, file within 45 days of the first date set for the meeting of creditors under §
341 of the Bankruptcy Code. In a chapter 11 or 13 case, file no later than the last payment made by the debtor as
required by the plan or the filing of a motion for a discharge under § 1141(d)(5)(B) or § 1328(b) of the Code. (See
Fed. R. Bankr. P. 1007(c).)

# UNITED STATES BANKRUPTCY COURT
## Western District of Washington

In re  **Charles J. Kuhn III   Carrie A. Kuhn** _____ ,      Case No. _____

_____ Debtors                                  Chapter   **7** _____

## CERTIFICATION TO COURT OF APPEALS
## BY ALL PARTIES

A notice of appeal having been filed in the above-styled matter on _____ ,
_____ , _____ , and _____ , [*Names of all the appellants and all the appellees, if any*], who are all the appellants [and all the appellees] hereby certify to the court under 28 U.S.C. § 158(d)(2)(A) that a circumstance specified in 28 U.S.C. § 158(d)(2) exists as stated below.

Leave to appeal in this matter  ❑  is  ❑   is not required under 28 U.S.C. § 158(a).

[*If from a final judgment, order, or decree*] This certification arises in an appeal from a final judgment, order, or decree of the United States Bankruptcy Court for the **Western District of Washington** entered on _____ **[Date].**.

[*If from an interlocutory order or decree*] This certification arises in an appeal from an interlocutory order or decree, and the parties hereby request leave to appeal as required by 28 U.S.C. § 158(a).

[*The certification shall contain one or more of the following statements, as is appropriate to the circumstances.*]

The judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for this circuit or of the Supreme Court of the United States, or involves a matter of public importance.

*Or*

The judgment, order, or decree involves a question of law requiring resolution of conflicting decisions.

*Or*

An immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

*[The parties may include or attach the information specified in Rule 8003(f)(3)(C).]*

Signed: *[If there are more than two signatories, all must sign and provide the information requested below. Attach additional signed sheets if needed.]*

**s/Kenneth Johnson**
_____
Attorney for Appellant (or Appellant,
if not represented by an attorney)

_____
Attorney for Appellant (or Appellant,
if not represented by an attorney)

**s/ Kenneth Johnson**
_____
Printed Name of Signer

_____
Printed Name of Signer

**57 West Main Street, Suite 200**
**PO BOX 1185**
**Chehalis, WA 98532**
_____
Address

_____
Address

**360-748-0093**
_____
Telephone No.

_____
Telephone No.

**4/2/2010**
_____
Date

**4/2/2010**
_____
Date

B 203
(12/94)

# UNITED STATES BANKRUPTCY COURT
## Western District of Washington

In re:    **Charles J. Kuhn III**            **Carrie A. Kuhn**                   Case No. _____

                                                                    Chapter    **7** _____

                        Debtors

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---:|
| For legal services, I have agreed to accept | $ | **1,500.00** |
| Prior to the filing of this statement I have received | $ | **1,500.00** |
| Balance Due | $ | **0.00** |

2. The source of compensation paid to me was:

   ☑ Debtor                    ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor                    ☐ Other (specify)

4. ☑  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a)  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b)  Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c)  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d)  [Other provisions as needed]
       **None**

6.  By agreement with the debtor(s) the above disclosed fee does not include the following services:

    **Adversary and contested matters**

---

### CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **4/2/2010** _____

                                        **s/Kenneth Johnson** _____
                                        **s/ Kenneth Johnson, Bar No.  6194**

                                        **Williams & Johnson, P.S.**
                                        Attorney for Debtor(s)

---

**WARNING: Effective December 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy Rule 1007(c) is shortened to 14 days. For further information, see note at bottom of page 2.**

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

# NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:  Reorganization  ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009.  Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

In re  **Charles J. Kuhn III**
     **Carrie A. Kuhn**

              **Debtor**

Case No. _____

Chapter _____ **7** _____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certificate of the Debtor

We, the debtors, affirm that we have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Charles J. Kuhn III**

**Carrie A. Kuhn**

Printed Name(s) of Debtor(s)

Case No. (if known) _____

X **/s/ Charles J. Kuhn III**     **4/2/2010**
   **Charles J. Kuhn III**
   Signature of Debtor         Date

X **/s/ Carrie A. Kuhn**     **4/2/2010**
   **Carrie A. Kuhn**
   Signature of Joint Debtor         Date

---

**Instructions**: Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) only if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

In re **Charles J. Kuhn III**
**Carrie A. Kuhn**
Debtors.

Case No.

Chapter **7**

## STATEMENT OF MONTHLY GROSS INCOME

The undersigned certifies the following is the debtor's monthly income .

| Income: | Debtor | Joint Debtor |
|---|---|---|
| Six months ago | $6,212.46 | $0.00 |
| Five months ago | $6,127.64 | $0.00 |
| Four months ago | $7,843.33 | $0.00 |
| Three months ago | $5,374.87 | $0.00 |
| Two months ago | $6,677.75 | $0.00 |
| Last month | $4,810.22 | $0.00 |
| Income from other sources | $0.00 | $6,564.00 |
| Total gross income for six months preceding filing | $ 37,046.27 | $ 6,564.00 |
| **Average Monthly Gross Income** | $ 6,174.38 | $ 1,094.00 |

    Attached are all payment advices received by the undersigned debtor prior to the petition date, we declare under penalty of perjury that we have read the foregoing statement and that it is true and correct to the best of our knowledge, information, and belief.

Dated: **4/2/2010**

**/s/ Charles J. Kuhn III**
 **Charles J. Kuhn III**

Debtor

**/s/ Carrie A. Kuhn**
**Carrie A. Kuhn**

Joint Debtor

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

| Name of Debtor: | Case Number: |
|---|---|

| NOTE: | *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.* |
|---|---|

Name of Creditor (the person or other entity to whom the debtor owes money or property):

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Telephone number:

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:

**1. Amount of Claim as of Date Case Filed:**       $ _____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐   Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** _____
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
        (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:**   ☐  Real Estate   ☐  Motor Vehicle   ☐ Other
Describe:

**Value of Property:**$_____   **Annual Interest Rate** _____ %

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any:** $ _____     **Basis for perfection:**

**Amount of Secured Claim: $** _____     **Amount of Unsecured: $** _____

**5.       Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)().

**Amount entitled to priority**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date: | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | **FOR COURT USE ONLY** |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. §101 (10)

**Claim**
A claim is the creditor's right to payment for a debt owed by the debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, and that he initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

### _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

## UNITED STATES BANKRUPTCY COURT
## Western District of Washington

In re:  **Charles J. Kuhn III**                    **Carrie A. Kuhn**                    Case No. _____

Chapter  **7**

# BUSINESS INCOME AND EXPENSES

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE: ONLY INCLUDE information directly related to the business operation.)

PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:

    1.  Gross Income For 12 Months Prior to Filing:            $ _____ **0.00**

PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

    2.  Gross Monthly Income:            $ _____ **0.00**

PART C - ESTIMATED FUTURE MONTHLY EXPENSES:

    3.  Net Employee Payroll (Other Than Debtor)            $ _____ **0.00**
    4.  Payroll Taxes            **0.00**
    5.  Unemployment Taxes            **0.00**
    6.  Worker's Compensation            **0.00**
    7.  Other Taxes            **0.00**
    8.  Inventory Purchases (Including raw  materials)            **0.00**
    9.  Purchase of Feed/Fertilizer/Seed/Spray            **0.00**
    10.  Rent (Other than debtor's principal residence)            **0.00**
    11.  Utilities            **0.00**
    12.  Office Expenses and Supplies            **0.00**
    13.  Repairs and Maintenance            **0.00**
    14.  Vehicle Expenses            **0.00**
    15.  Travel and Entertainment            **0.00**
    16.  Equipment Rental and Leases            **0.00**
    17.  Legal/Accounting/Other Professional Fees            **0.00**
    18.  Insurance            **0.00**
    19.  Employee Benefits (e.g., pension, medical, etc.)            **0.00**
    20.  Payments to Be Made Directly By Debtor to Secured Creditors For
           Pre-Petition Business Debts (Specify):
           **None**

    21.  Other (Specify):

           **None**

    22.  Total Monthly Expenses (Add items 3 - 21)            $ _____ **0.00**

PART D - ESTIMATED AVERAGE NET MONTHLY INCOME:

    23.  AVERAGE NET MONTHLY INCOME (Subtract Item 22 from Item 2)            $ _____ **0.00**

# UNITED STATES BANKRUPTCY COURT
## Western District of Washington

In re  **Charles J. Kuhn III   Carrie A. Kuhn**_____ ,          Case No. _____

                                  Debtors          Chapter   **7**_____

### DEBTOR'S CERTIFICATION OF COMPLETION OF POSTPETITION INSTRUCTIONAL COURSE CONCERNING PERSONAL FINANCIAL MANAGEMENT

*Every individual debtor in a chapter 7, chapter 11 in which § 1141(d)(3) applies, or chapter 13 case must file this certification. If a joint petition is filed, each spouse must complete and file a separate certification. Complete one of the following statements and file by the deadline stated below:*

❑  I, _____ , the debtor in the above-styled
                        (Printed Name of Debtor)
case, hereby certify that on _____ (Date), I completed an instructional course in personal
financial management provided by _____
                                    (Name of Provider)
an approved personal financial management provider.

Certificate No. (if any): _____

❑  I, _____ , the debtor in the above-styled case,
        (Printed Name of Debtor)
hereby certify that no personal financial management course is required, because of *[Check the appropriate box.]*:
   ❑  Incapacity or disability, as defined in 11 U.S.C. § 109(h)
   ❑  Active military duty in a military combat zone; or
   ❑  Residence in a district in which the United States trustee (or bankruptcy administrator) has
      determined that the approved instructional courses are not adequate at this time to serve the
      additional individuals who would otherwise be required to complete such courses.

Signature of Debtor: **/s/ Carrie A. Kuhn**_____
                         **Carrie A. Kuhn**

Date: **4/2/2010**_____

_____

*Instructions:* Use this form only to certify whether you completed a course in personal financial management. (Fed. R. Bankr. P. 1007(b)(7).) Do NOT use this form to file the certificate given to you by your prepetition credit counseling provider and do NOT include with the petition when filing your case.

*Filing Deadlines:* In a chapter 7 case, file within 45 days of the first date set for the meeting of creditors under § 341 of the Bankruptcy Code. In a chapter 11 or 13 case, file no later than the last payment made by the debtor as required by the plan or the filing of a motion for a discharge under § 1141(d)(5)(B) or § 1328(b) of the Code. (See Fed. R. Bankr. P. 1007(c).)Bankr. P. 1007(c).)

# United States Bankruptcy Court
# Western District of Washington

In re    **Charles J. Kuhn III   Carrie A. Kuhn**

Case Number

Chapter     **7**

## STATEMENT OF MILITARY SERVICE

The Servicemembers' Civil Relief Act of 2003, Pub. L. No. 108-189, provides for the temporary suspension of certain judicial proceedings or transactions that may adversely affect military servicemembers, their dependents, and others. Each party to a bankruptcy case who might be eligible for relief under the act should complete this form and file it with the Bankruptcy Court.

## IDENTIFICATION OF SERVICEMEMBER

❏     Self (Debtor, Codebtor, Creditor, Other)

❏     Non-Filing Spouse of Debtor (name)

❏     Other     (Name of servicemember)

               (Relationship of filer to servicemember)

               (Type of liability)

## TYPE OF MILITARY SERVICE

U.S. Armed Forces (Army, Navy, Air Force, Marine Corps, or Coast Guard) or commissioned officer of the Public Health Service or the National Oceanic and Atmospheric Administration (specify type of service)

❏     Active Service since        (date)

❏     Inductee - ordered to report on        (date)

❏     Retired / Discharged        (date)

U.S. Military Reserves and National Guard

❏     Active Service since        (date)

❏     Impending Active Service - orders postmarked        (date)

               Ordered to report on        (date)

❏     Retired / Discharged        (date)

U.S. Citizen Serving with U.S. ally in war or military action (specify ally and war or action)

❏     Active Service since        (date)

❏     Retired / Discharged        (date)

## DEPLOYMENT

❏     Servicemember deployed overseas on        (date)

               Anticipated completion of overseas tour-of-duty        (date)

## SIGNATURE

**/s/ Charles J. Kuhn III**                **4/2/2010**

                                           Date

**Charles J. Kuhn III**

(print name)

*This statement is for information use only. Filing this statement with the Bankruptcy Court does not constitute an application for or invoke the benefits and relief available under the Servicemembers' Civil Relief Act of 2003.*

# United States Bankruptcy Court
# Western District of Washington

In re **Charles J. Kuhn III   Carrie A. Kuhn**

Case Number

Chapter     **7**

## STATEMENT OF MILITARY SERVICE

The Servicemembers' Civil Relief Act of 2003, Pub. L. No. 108-189, provides for the temporary suspension of certain judicial proceedings or transactions that may adversely affect military servicemembers, their dependents, and others. Each party to a bankruptcy case who might be eligible for relief under the act should complete this form and file it with the Bankruptcy Court.

### IDENTIFICATION OF SERVICEMEMBER

❏     Self (Debtor, Codebtor, Creditor, Other)
❏     Non-Filing Spouse of Debtor (name)
❏     Other     (Name of servicemember)
            (Relationship of filer to servicemember)
            (Type of liability)

### TYPE OF MILITARY SERVICE

U.S. Armed Forces (Army, Navy, Air Force, Marine Corps, or Coast Guard) or commissioned officer of the Public Health Service or the National Oceanic and Atmospheric Administration (specify type of service)

❏     Active Service since                                                    (date)
❏     Inductee - ordered to report on                                 (date)
❏     Retired / Discharged                                                (date)

U.S. Military Reserves and National Guard

❏     Active Service since                                                    (date)
❏     Impending Active Service - orders postmarked       (date)
            Ordered to report on                                          (date)
❏     Retired / Discharged                                                (date)

U.S. Citizen Serving with U.S. ally in war or military action (specify ally and war or action)

❏     Active Service since                                                    (date)
❏     Retired / Discharged                                                (date)

### DEPLOYMENT

❏     Servicemember deployed overseas on                     (date)
        Anticipated completion of overseas tour-of-duty     (date)

### SIGNATURE

**/s/ Carrie A. Kuhn**                                      **4/2/2010**
                                                                   Date

**Carrie A. Kuhn**
(print name)

*This statement is for information use only. Filing this statement with the Bankruptcy Court does not constitute an application for or invoke the benefits and relief available under the Servicemembers' Civil Relief Act of 2003.*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

In re  **Charles J. Kuhn III**               Case No.
**Carrie A. Kuhn**
Debtors.                                     Chapter   **7**

## Debtor's Statement of Special Circumstances
## Amended - Debtor's Statement of Special Circumstances

       I hereby certify under penalty of perjury that the Debtor's Statement of Special Circumstances is true, correct and complete to the best of my knowledge.


Dated: _____          _____


Dated: _____          _____

**Page 1 of 1**

**UNITED STATES BANKRUPTCY COURT**
**Western District of Washington**

In re  **Charles J. Kuhn III**                                    Case No.
     **Carrie A. Kuhn**
     Debtors.                                                    Chapter    **7**

### Notice to Trustee of Special Circumstances

Dear

      Please be advised that I represent **Charles J. Kuhn III    Carrie A. Kuhn**. According to the calculations required by the Statement of Current Monthly Income and Means Test Calculation, the debtor checked the box on page 1 of the form indicating that a presumption of abuse arises in this matter. To rebut this presumption, I am writing to provide you with information supporting the debtor's claim of special circumstances that justify additional expenses and/or adjustments of current monthly income, and/or to provide documentation for expense items that should be deducted from my client's current monthly income pursuant to § 707(b)(2)(A)(ii)(I).

## Adjustments of Current Monthly Income

      On Line 12 of Official Form B22A, the debtor stated that his current monthly income is **$7,269.03**, based on the definition provided in section 101(10A) of the Code. However, this amount includes income that the debtor did not actually have at the time his petition was filed, and which the debtor does not currently have. I am enclosing the Debtor's Statement of Special Circumstances which demonstrates that the debtor's actual monthly income is $ . I am also enclosing copies of my client's recent payment advices showing his actual income.

## Additional Expenses

      On Line   of Official Form B22A, the debtor listed an expense amount of $ based on the Internal Revenue Service National or Local Standard for .
I am enclosing the Debtor's Statement of Special Circumstances which demonstrates that the debtor's actual monthly expense for this item is $ , and that this expense is necessary and reasonable. I am also enclosing documentation for this expense.

      In Part VII of Official Form B22A, the debtor listed the following additional expenses: .
The debtor listed these items as a monthly expense amount of **$0.00**, though this amount was not deducted from his current monthly income for purposes of determining the § 707(b)(2) presumption. I am enclosing the Debtor's Statement of Special Circumstances which demonstrates that these monthly expenses are required for the health and welfare of the debtor and the debtor's family or for the production of the debtor's income. I am also enclosing documentation for these expense items.

      If the additional expenses or adjustments to income referred to above are considered in applying the means test, a presumption of abuse no longer arises in this case. Accordingly, my client requests that in lieu of filing a motion to dismiss or convert this chapter 7 case under § 707(b), you file a statement with the court, for the reasons set forth above, that such a motion is not appropriate. If you are in need of any additional information or documentation, please contact me.

                          **s/Kenneth Johnson**
                          _____
                          **s/ Kenneth Johnson**
                          Attorney for Debtor(s)